CAUNT v. UNITED SHOE MACHINERY CO.

(Circuit Court of Appeals, First Circuit. October 28, 1904.)

No. 557.

1. PATENTS—INFRINGEMENT—METHOD OF FORMING CHAIN-STITCH.

The Briggs patent, No. 461,793, for a method of forming a chain-stitch in the sewing of shoes, *held* infringed on an application for a preliminary injunction.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

The following is the opinion of the Circuit Court by Lowell, District Judge:

This is a bill in equity to restrain the infringement of letters patent No. 461,793, granted to Henry Briggs, October 20, 1891, for improvements in the method of forming chain-stitches in the sewing of shoes. The only claim is as follows:

"The method of forming a chain-stitch, which consists in passing a loop of thread through a hole in the materials, inserting an instrument through the loop and holding the instrument in a second hole in the materials at the

point desired for the next stitch, drawing on the supply end of the thread, thus drawing the loop that is now around the instrument against the material, forming another loop from the supply-thread on the opposite side of the materials, removing the instrument from the second hole in the materials and from the drawn-down loop, and passing the second loop made from the supply-thread through the second hole in the materials and through the drawn-down loop, substantially as described."

The hearing is upon motion for a preliminary injunction.

By agreement under seal, the defendant has admitted the validity of the patent and the complainant's title thereto. As stated in the defendant's brief, "The single defense open to defendant is that of noninfringement."

The defendant does not seriously dispute that his machine alleged to infringe is substantially undistinguishable from the commercial machine manufactured by the complainant, but he denies that either of these machines embodies the patent in suit. The difference relied upon seems to be this: That in the patent the strain involved in setting the stitch is applied altogether by the pull-back action of the take-off, while in the defendant's machine this strain is applied only in part by the take-off, and in part by the direct action of the threaded needle. But even in the patent the needle must apply some strain, and, it seems, must have some operation in setting the stitch, though this operation may be slight. "Drawing on the supply end of the thread, thus drawing the loop that is now around the instrument against the material," cannot draw the thread to quite the needed degree of tightness so long as the needle remains in the loop. Some drawing must be done by the direct pull of the needle after it is released from the loop. The gist of Briggs' invention is the substantial taking up of slack and setting the stitch by the take-off, not the withdrawal of absolutely all pulling function from the needle. The difference between the patent and the defendant's machine is one of degree, and even in degree the difference must be small, since, if the take-off first draws the loop with the maximum tension permitted by the resistance of the supply, then the subsequent effect of the needle's pull must be small. That this maximum tension is applied by the defendant's take-off is positively testified to, and the testimony is not positively contradicted, so far as I can discover, or the defendant's counsel has pointed out.

Motion for injunction granted. Injunction to issue.

T. Hart Anderson, for appellant.
Benjamin Phillips and Elmer P. Howe, for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PER CURIAM. This is an appeal from a preliminary injunction. The general facts are sufficiently stated in the opinion of the learned judge who heard the case below. The record, as is common with motions for preliminary injunctions, consists merely of patents and other exhibits, and affidavits of witnesses who have not been subjected to cross-examination. Without prejudicing the case as it may come before us on final hearing, we are of opinion that, on this record, the appellant has raised no reasonable doubt against the conclusions of the Circuit Court. We must decline, therefore, upon the present hearing, to disturb the order of the court below.

The decretal order entered by the Circuit Court on July 13, 1904, is affirmed, and the appellee recovers its costs of appeal.